Mr. Justice ThacheR
delivered the opinion of the court.
This is a writ of error to the vice-chancery court of the northern district.
The bill of complainant, in the court below, sets out that John Couch, for the use of James M. Ross, recovered a judgment against him in the circuit court of Ponola county, in the sum of about $1550, upon a promissory note, upon which he was surety for Needham Stevens; that Albert G. Ellis approached him, claiming to be entitled, by assignment, to the amount due upon the judgment, and proposing to him to settle and satisfy the said judgment, by giving two promissory notes, one for $1000, payable in February, 1840, and the other for $500, payable in September, 1840, and promising to surrender up the said notes and hold them void, if any claimant to the judgment, with a superior title to that of Ellis, should succeed in pressing his title. The bill further charges that the complainant, after some conversation with Ellis respecting a title which Rawlins and Butler were supposed to have to the judgment, agreed to the proposition upon the aforesaid terms, and made and delivered the notes; but that shortly after Rawlings & Butler entered their motion in the circuit court of Ponola county, and succeeded in setting aside an execution upon the judgment which had been returned by the sheriff, as satisfied by virtue of the agreement between the complainant and Ellis, as before described, and obtained an order for the issuance of an alias fieri facias, to issue in their own behalf. The bill further alleges that Ellis, conspiring with William P. Brooks, assigned the notes to him, and that Brooks instituted suit upon the note for $500; that the com- *520 plainaut attended the court at its first term after the institution of the suit, for the purpose of defending it, but the term failed to be holden, and that at the subsequent term, he was detained and prevented from attending by the death of his wife, in the first instance, and by high water, which rendered the roads impassable, and that an attorney, a friend of the complainant, who was desirous of entering a plea in the case, was prevented from so doing by the representations of Ellis that there was an agreement that no defence was to be made. The answers of Ellis and Brooks deny all fraud, and insist that the transaction was dona fide, and for a good consideration.
The evidence of William W. Smith, the sheriff of Ponola county, supports that portion of complainant’s bill relating to the conditions upon which Whitson, the complainant, made and gave the notes to Ellis. He says, that, “before the notes we' given up, Ellis agreed that if it should turn out that he had not a good right to the execution, that Ellis was not to collect the notes of Whitson.” Calvin Miller, another witness, testified that it was agreed between Smith, the sheriff, and Ellis, that if it should turn out that Smith had no authority under the direction of said Ellis to receipt'said execution by means of the notes, that they should be given up to Whitson. It was likewise found that the usual road from Whitson’s house to the courthouse of Ponola county was obstructed by the high water at the period mentioned in the bill of complaint, and that Whit-son attempted, and was prevented from making his way there.
It is clear that the delivery of the notes by Whitson to Ellis was a conditional contract, and that the condition upon which they were to be collected by Ellis failed. The propriety of the judgment of the circuit court in favor of Rawlings & Butler, cannot now be inquired into. It is enough, however, that that judgment defeats the condition of the contract. Brooks received the notes merely as indemnities against his liability for Ellis, and he consequently took them, liable to the equities subsisting between Ellis and Whitson.
The point made by Ellis, in his answer, that a decision of the case has already been had in chancery, and that it operates as *521 a bar to this action, is not accompanied by any record of such decree, and cannot be considered.
The decree of the vice-chancellor, ordering the injunction to be and remain perpetual, against the judgment and execution upon the note of $500, be and the same is hereby affirmed.
Mr. Justice Clayton, having been counsel in the court below, in one branch of this cause, gave no opinion.